**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** *Plaintiff,* v. **RICHARD A. MOORE, DMD PA, et al.,** *Defendants.* | Civil Action No. 16-6054 **OPINION** |

**ARLEO, UNITED STATES DISTRICT JUDGE**

This matter comes before the Court by way of Plaintiff United States of America's Motion for Default Judgment under Federal Rule of Civil Procedure 55(b)(2) against Defendants Richard A. Moore, DMD PA d/b/a A Gentle Fast Orthodontic Care, Dr. Richard A. Moore, and Genna K. Moore a/k/a Genna K. Gunta (collectively, "Defendants"). ECF No. 9. For the reasons stated below, the motion is **GRANTED IN PART** and **DENIED IN PART**.

**I.    BACKGROUND**

This case arises from Defendants' alleged unpaid federal tax liabilities. Dr. Richard Moore solely owns and operates a New Jersey dental practice called Richard A. Moore, DMD PA (the "Dental Practice") in New Jersey. Compl. ¶¶ 4-5, 7, ECF No. 1. The Dental Practice had been in operation since the late 1970s. Id. ¶ 7. At all relevant times, the Dental Practice employed several people. Id. ¶ 8.

The United States alleges that Defendants have failed to pay several types of federal taxes related to the Dental Practice. The Complaint asserts five counts. Count One involves the Dental Practice's back taxes. The United States claims that, from 2007 to 2010, the Dental Practice failed

to pay its Federal Insurance Contribution Act ("FICA") and Federal Unemployment Tax Act ("FUTA") taxes to the Internal Revenue Service ("IRS"). Id. ¶¶ 11-13.

Count Two involves Dr. Moore's failure to ensure that the Dental Practice paid its taxes. The United States claims that Dr. Moore failed to (1) withhold and pay to the IRS his employees' federal income and FICA taxes, and the Dental Practice's FICA and FUTA taxes; (2) deposit those taxes in a federal depository bank; and (3) file with the IRS the Dental Practice's quarterly Federal Tax Returns (IRS Form 941) and annual FUTA Tax Returns (IRS Form 940). Id. ¶¶ 17-20.

Counts Three and Four involve Dr. Moore and his wife Genna Moore's income taxes. The United States claims that the Moores did not pay their Federal Income Taxes from 2007 to 2009, and Dr. Moore alone did not pay in 2010. Id. ¶¶ 26-27, 32-34.

In Count Five, the United States also seeks an injunction under 26 U.S.C. § 7402(a), which permits district courts to enter injunctions to ensure enforcement of the internal revenue laws. The United States claims that an injunction is warranted because Defendants have refused to cooperate with the IRS for over 20 years. In 1995, the IRS opened its first collection case against the Dental Practice for unpaid employment taxes over the three previous years. Id. ¶¶ 38-41. The IRS levied the payments from Dr. Moore's insurance company. Id. ¶ 41. In January 1998, the IRS entered into an installment payment agreement with Dr. Moore after the Dental Practice accrued more tax liabilities in 1997. Id. ¶ 42. But the Dental Practice failed to make federal tax deposits in 1998 and 1999, and Dr. Moore defaulted on the installment payment agreement after issuing bad checks. Id. ¶¶ 43-44.

Nine years later, in May 2007, the IRS reinstated the installment payment agreement, but the Dental Practice again defaulted. Id. ¶¶ 45-46. In January 2009, the IRS reinstated the agreement a final time, but the Dental Practice defaulted yet again. Id. ¶¶ 47-48.

2

In 2007, the IRS opened its first tax collection case against Dr. Moore personally. Id. ¶ 51. Since the 2009 tax year, Dr. Moore has not filed a federal income tax return or voluntarily paid any income taxes. Id. ¶ 55. In March 2009, the IRS entered into an installment payment agreement with Dr. and Mrs. Moore for their unpaid 2007 income tax liabilities. Id. ¶ 54. But they defaulted a few months later. Id.

In February of 2012, the IRS issued a summons to the Dental Practice for testimony and financial records in connection with an investigation into its prior tax liabilities. Compl. ¶¶ 56-63. Dr. Moore did not comply, so the Government successfully petitioned this Court to enforce the summons. See United States v. Richard A. Moore DMD PA, No. 12-3344 (D.N.J.) (Hochberg, J.) ("Moore I"). Dr. Moore refused to produce the summonsed records and appear in Court, so the Court issued a warrant for his arrest. See Moore I, ECF No. 21. After Dr. Moore's arrest and a subsequent hearing, Dr. Moore provided the required documents to the IRS. Moore I, ECF No. 27.

The United States filed the instant lawsuit against Defendants on September 28, 2016. Defendants failed to answer or otherwise defend the action. On December 23, 2016, the United States petitioned the Clerk of Court for an entry of default against Defendants. ECF No. 6. The Clerk of Court entered default against Defendants on April 21, 2016. ECF No. 7.

## II. STANDARD OF REVIEW

"The district court has the discretion to enter default judgment, although entry of default judgments is disfavored as decisions on the merits are preferred." Animal Sci. Prods., Inc. v. China Nat'l Metals & Minerals Imp. & Exp. Corp., 596 F. Supp. 2d 842, 847 (D.N.J. 2008). Before entering default judgment the court must: (1) determine it has jurisdiction both over the subject matter and parties; (2) determine whether defendants have been properly served; (3) analyze the

3

Complaint to determine whether it sufficiently pleads a cause of action; and (4) determine whether the plaintiff has proved damages. See Chanel, Inc. v. Gordashevsky, 558 F. Supp. 2d 532, 535-36 (D.N.J. 2008); Wilmington Savings Fund Soc., FSB v. Left Field Props., LLC, No. 10-4061, 2011 WL 2470672, at *1 (D.N.J. June 20, 2011). Although the facts pled in the Complaint are accepted as true for the purpose of determining liability, the plaintiff must prove damages. See Comdyne I, Inc. v. Corbin, 908 F.2d 1142, 1149 (3d Cir. 1990).

Additionally, prior to granting default judgment, the Court must make explicit factual findings as to: (1) whether the party subject to the default has a meritorious defense; (2) the prejudice suffered by the party seeking default judgment; and (3) the culpability of the party subject to default. Doug Brady, Inc. v. N.J. Bldg. Laborers Statewide Funds, 250 F.R.D. 171, 177 (D.N.J. 2008).

### III. ANALYSIS

#### A. Jurisdiction & Service

The Court has both subject matter jurisdiction over this dispute and personal jurisdiction over Defendant. Subject matter jurisdiction here is present under 26 U.S.C. § 7402(a) and 28 U.S.C. §§ 1340 and 1345. The Court has personal jurisdiction over Defendants because Dr. and Mrs. Moore are residents of New Jersey and the Dental Practice is a New Jersey corporation. Compl. ¶¶ 4-6. The United States has also provided proof of service on Defendants. See ECF Nos. 4 (personal service on Dr. Moore), 5 (service on an adult co-resident at Mrs. Moore's dwelling), and 6 (service on the Dental Practice by serving Dr. Moore, the sole owner). Thus, the Court is satisfied that it has jurisdiction to enter default judgment and that Defendants were properly served.

B. Liability

"A consequence of the entry of a default judgment is that the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." Comdyne I, 908 F.2d at 1149. The Complaint pleads facts which, taken as true, establish Defendants' outstanding tax liabilities.

Employers are required to withhold federal income and FICA taxes from their employee's wages. See 26 U.S.C. §§ 3301, 3102, 3111, and 3402. These withholdings must be paid over to the IRS, along with the employer's own share of FICA and FUTA taxes. See 26 U.S.C. §§ 3101, 3302. Employers also must file Employer's Quarterly Federal Tax Returns (IRS Forms 941) on at least a quarterly basis, and file FUTA Tax Returns (IRS Forms 940) with the Internal Revenue Service on an annual basis. 26 U.S.C. § 6011; 26 C.F.R.31.6701(a)-1. The employer must make periodic deposits of the withheld federal income and employment taxes in a federal depository bank. See 26 U.S.C. §§ 6302, 6157; 26 C.F.R. § 31.6302-1.

In Counts One and Two, the United States alleges that the Dental Practice and Dr. Moore failed to withhold and pay these taxes, properly deposit them, or file the required returns. It has issued assessments of tax liability on the Dental Practice and Dr. Moore for these actions and provided them notice of these assessments. Since assessments of a tax liability by the IRS are generally presumed valid and establish a prima facie case of a tax liability, Freck v. I.R.S., 37 F.3d 986, 991 n.8 (3d Cir. 1994), the IRS has stated claims to recoup these liabilities.

The United States has also demonstrated that the failure to withhold and pay these taxes can be personally imposed on Dr. Moore under 26 U.S.C. § 6672. See Quattrone Accountants, Inc. v. IRS, 895 F.2d 921, 927 (3d Cir. 1990). Section 6672 penalties, or trust fund recovery penalties, hold corporate officers "statutorily liable for the non-payment of debts owed by the

5

corporation and where this liability is premised on a determination of willfulness." Belcufine v. Aloe, 112 F.3d 633, 640 n.8 (3d Cir. 1997); see also Matter of Ribs-R-Us, Inc., 828 F.2d 199, 200 (3d Cir. 1987). The United States has alleged both that Dr. Moore was on notice of these liabilities and willfully evaded them. As such, the United States has stated claims against Dr. Moore and the Dental Plan in Counts One and Two.

Additionally, 26 U.S.C. § 1 and 26 C.F.R. § 1.1-1(b) impose income tax liabilities on all taxable income. See United States v. Grossman, No. 15-2843, 2016 WL 3751949, at *2 (D.N.J. July 13, 2016). In Counts Three and Four, the United States alleges the Dr. and Mrs. Moore owed but failed to pay their federal income tax over several years. That is sufficient to state claims for these Counts.

In sum, there are sufficient facts (taken as true) to find that Defendants are liable for Counts One to Four.

In Count Five, the United States seeks a section 7492(a) injunction to ensure enforcement of the internal revenue laws against Defendants. See 26 U.S.C. § 7402(a). That section grants district courts the broad power "to make and issue in civil actions, writs and orders of injunction . . . and to render such judgments and decrees as may be necessary or appropriate for the enforcement of the internal revenue laws." Id.

Here, the United States seeks a permanent injunction as follows:

1. Dr. Moore may not directly or indirectly own, control, manage, operate; consult for, or serve as an officer or employee in any dental or orthodontic practice until the earlier of (1) Dr. Moore's demonstration to this Court that he is likely to resume operating without interfering with the enforcement of the internal revenue laws, or (2) five years from the entry of the permanent injunction in this case; and

2. Dr. Moore and Richard A. Moore, DMD PA and their principals, agents, or employees, and all attorneys, agents, and employees, and anyone else acting on behalf of those individuals or entities, and all persons or entities having knowledge of this Order, shall not, directly or indirectly transfer, sell, assign, pledge, hypothecate,

encumber, dissipate, or dispose of in any manner any money, property, or assets until Richard A. Moore, DMD PA has filed all outstanding Form 941 and Form 940 tax returns and paid the taxes owed.

Compl., Injunctive Relief at 19-20.

Under section 7402(a), courts must determine if this relief is necessary and proper "in light of the public interest involved." United States v. First Nat'l City Bank, 379 U.S. 378, 383 (1965). "Courts of equity may, and frequently do, go much farther . . . to give . . . relief in furtherance of the public interest than they are accustomed to go when only private interests are involved." Id. (citation and quotes omitted)). Although the Third Circuit has not set a standard for issuing or modifying an injunction under section 7402(a), other courts have suggested ways to guide the analysis. See United States v. Baker Funeral Home, Ltd., 196 F. Supp. 3d 530, 558 (E.D. Pa. 2016). That includes whether the defendant is "reasonable likely to violate the federal tax laws again" based on "the totality of the circumstances surrounding the defendant and his violations." Id. (quoting United States v. ITS Fin., LLC, 592 Fed. App'x 387, 400 (6th Cir. 2014)).

Applying that standard, the injunction sought by the United States is overbroad and premature. It would force a shutdown of Dr. Moore's dental practice and stop him from practicing dentistry entirely until the tax liabilities are paid. Such a harsh result is not only unprecedented[1] but also premature given that no efforts or supplemental proceedings have been taken to satisfy

---

[1] The cases cited by the United States in which defendants were enjoined from engaging in their livelihood all involved tax preparers who prepared incorrect tax returns for their clients. See United States v. ITS Fin., LLC, 592 F. App'x 387, 397 (6th Cir. 2014); United States v. Pugh, 717 F. Supp. 2d 271, 302 (E.D.N.Y. 2010); United States v. Franchi, 756 F. Supp. 889, 893 (W.D. Pa. 1991). Those cases are qualitatively different. Unlike there, Dr. Moore's tax issues do not impact his patients. So the continuation of his dental practice does not raise the same concerns as would the continuation of a faulty tax preparation service. See, e.g., Franchi, 756 F. Supp. at 893 ("Many of [the defendant's] clients will underpay their returns, and as a result be subject to Internal Revenue Service audit and penalty. The court does find this argument [for irreparable harm] credible.").

this judgment. Moreover, the proposed injunction looks more punitive than remedial; cuts off Dr. Moore's only real chance to repay his and the practice's liabilities; and does not take into consideration how the shutdown will impact his patients. As such, even though the United States had demonstrated Dr. Moore's history of noncompliance, it has not demonstrated that his conduct warrants the proposed injunction. The United States' claim for injunctive relief is thus denied without prejudice.

### C. Appropriateness of Default Judgment

Next, the Court must consider (1) whether the party subject to the default has a meritorious defense; (2) the prejudice suffered by the party seeking default judgment; and (3) the culpability of the party subject to default. Doug Brady, 250 F.R.D. at 177. The Court concludes that in the absence of any responsive pleading and based upon the facts alleged in the Complaint, Defendants do not have a meritorious defense. See Ramada Worldwide Inc. v. Courtney Hotels USA, LLC, No. 11-896, 2012 WL 924385, at *5 (D.N.J. Mar. 19, 2012). Second, the Court finds that the United States will suffer prejudice absent entry of default judgment as it would have no other means of obtaining relief. Finally, the Court finds that Defendants acted culpably as they have been served with the Complaint, are not infants or otherwise incompetent, and are not presently engaged in military service. See Hagerman Decl. ¶¶ 4-5, ECF No. 9-2; Nationwide Mut. Ins. Co. v. Starlight Ballroom Dance Club, Inc., 175 F. App'x 519, 523 (3d Cir. 2006) (holding that a defendant's failure to respond to communications from the plaintiff and the court can constitute culpability).

**D. Monetary Damages**

Although the facts pled in the Complaint are accepted as true for the purpose of determining liability, the plaintiff must prove damages. See Comdyne I, 908 F.2d at 1149. The United States has done so.

The United States has proved its damages for Counts One to Four with specific assessment dates and certified copies of account transcripts. See Goodwin Decl., ECF. No. 9-3; id. Ex. A, Account Transcripts. As to Count One, the United States has proved that the Dental Practice owes $600,796.13 in unpaid federal employment and unemployment taxes as of January 16, 2017. In support, the United States has provided the following assessment chart:

**Table 1**

| Tax/Penalty Type | Tax Period Ending | Assessment Date | Balance owed as of 01/16/2017 |
|---|---|---|---|
| WT-FICA (Form 941) | 03/31/2007 | 07/16/2007 | $32,126.76 |
| WT-FICA (Form 941) | 09/30/2007 | 12/24/2007 | $41,227.95 |
| WT-FICA (Form 941) | 12/31/2007 | 03/31/2008 | $48,142.02 |
| WT-FICA (Form 941) | 03/31/2008 | 06/30/2008 | $42,085.93 |
| WT-FICA (Form 941) | 03/31/2009 | 06/29/2009 | $34,195.91 |
| WT-FICA (Form 941) | 06/30/2009 | 06/14/2010 | $40,408.29 |
| WT-FICA (Form 941) | 09/30/2009 | 06/14/2010 | $40,296.38 |
| WT-FICA (Form 941) | 12/31/2009 | 06/14/2010 | $30,036.19 |
| WT-FICA (Form 941) | 03/31/2010 | 06/28/2010 | $24,573.77 |
| WT-FICA (Form 941) | 06/31/2010 | 12/27/2010 | $48,137.36 |
| WT-FICA (Form 941) | 09/30/2010 | 01/10/2011 | $42,202.28 |
| WT-FICA (Form 941) | 12/31/2010 | 01/09/2012 | $43,799.76 |
| WT-FICA (Form 941) | 03/31/2011 | 08/13/2012 | $47,638.43 |
| WT-FICA (Form 941) | 09/30/2011 | 05/28/2012 | $19,341.21 |
| WT-FICA (Form 941) | 12/31/2011 | 06/04/2012 | $25,718.15 |
| FUTA (Form 940) | 12/31/2010 | 09/20/2011 | $40,865.74 |
| **Total owed by Richard A. Moore, DMD PA as of 01/16/2017:** | | | **$600,796.13** |

See Goodwin Decl. ¶ 6.

As to Count Two, the United States has proved that Dr. Moore owes $282,706.80 in trust fund recovery penalties as follows:

**Table 2**

9

| Tax/Penalty Type | Tax Period Ending | Assessment Date | Balance owed as of 01/16/2017 |
|---|---|---|---|
| § 6672 Penalty | 12/31/2006 | 10/06/2008 | $247.34 |
| § 6672 Penalty | 03/31/2007 | 10/06/2008 | $15,080.57 |
| § 6672 Penalty | 09/30/2007 | 03/02/2009 | $22,443.87 |
| § 6672 Penalty | 12/31/2007 | 03/02/2009 | $29,673.01 |
| § 6672 Penalty | 03/31/2008 | 03/02/2009 | $18,871.10 |
| § 6672 Penalty | 03/31/2009 | 08/22/2011 | $15,597.95 |
| § 6672 Penalty | 06/30/2009 | 08/22/2011 | $16,694.38 |
| § 6672 Penalty | 09/30/2009 | 08/22/2011 | $18,622.82 |
| § 6672 Penalty | 12/31/2009 | 08/22/2011 | $15,431.35 |
| § 6672 Penalty | 03/31/2010 | 08/22/2011 | $13,877.58 |
| § 6672 Penalty | 06/30/2010 | 08/22/2011 | $23,189.89 |
| § 6672 Penalty | 09/30/2010 | 08/22/2011 | $23,189.89 |
| § 6672 Penalty | 12/31/2010 | 05/06/2013 | $22,616.68 |
| § 6672 Penalty | 03/31/2011 | 05/06/2013 | $21,452.50 |
| § 6672 Penalty | 09/30/2011 | 05/06/2013 | $12,780.95 |
| § 6672 Penalty | 12/31/2011 | 05/06/2013 | $12,936.92 |
| **Total owed by Dr. Richard Moore as of 01/16/2017:** | | | **$282,706.80** |

Goodwin Decl. ¶ 11.

As to Counts Three and Four, the United States has proved that Dr. Moore and Mrs. Moore together owe $103,874.81, and Dr. Moore alone owes $117,460.75, as of January 16, 2017 for unpaid federal income taxes as follows:

**Table 3**

| Tax/Penalty Type | Tax Period Ending | Assessment Date | Balance owed as of 01/16/2017 |
|---|---|---|---|
| Income Taxes (Form 1040) | 12/31/2007 | 02/09/2009 | $45,675.77 |
| Income Taxes (Form 1040) | 12/31/2008 | 06/14/2010 | $41,211.12 |
| Income Taxes (Form 1040) | 12/31/2009 | 07/25/2011 | $16,987.92 |
| **Total owed by Dr. Richard Moore and Genna Moore as of 01/16/2017:** | | | **$103,874.81** |

**Table 4**

| Tax/Penalty Type | Tax Period Ending | Assessment Date | Balance owed as of 01/16/2017 |
|---|---|---|---|
| Income Taxes (Form 1040) | 12/31/2010 | 09/07/2015 | $117,460.75 |
| **Total owed by Dr. Moore as of 01/16/2017:** | | | **$117,460.75** |

Goodwin Decl. ¶¶ 14, 17.

The United States also seeks unspecified "statutory interest, penalties, and costs that have accrued or will continue to accrue thereafter according to law." See Pl.'s Br. 6-7. It has not, however, explained how much these interests, penalties, and costs are or the authorization for such relief. Cf. Grossman, 2016 WL 3751949, at *1-2 (itemizing interest, costs, and penalties for each tax deficiency and citing statutory or regulatory source of authority). As such, the Court will not grant relief for these particular damages at this time.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Default Judgment is **GRANTED IN PART** and **DENIED IN PART**. An appropriate order accompanies this opinion.

Dated: August 29, 2017

*/s Madeline Cox Arleo*
**MADELINE COX ARLEO**
**United States District Judge**